NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JENNIFER DOYLE, | ) | Hon. Harold A. Ackerman |
| Plaintiff, | ) ) ) | Civil Action No. 04-5209 (HAA) |
| v. | ) ) | **OPINION & ORDER** |
| NEW JERSEY TRANSIT RAIL OPERATIONS, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

Robert E. Myers, Esq.
Lawrence A. Katz, Esq.
COFFEY KAYE MYERS & OLLEY
Two Bala Plaza
Suite 718
Bala Cynwyd, PA 19004
*Attorneys for Plaintiff Jennifer Doyle*

Coleen M. Louden, Esq.
OFFICE OF THE NEW JERSEY ATTORNEY GENERAL
P.O. Box 116
Trenton, NJ 08625
*Attorneys for Defendant New Jersey Transit Rail Operations, Inc.*

**ACKERMAN, Senior District Judge:**

　　This matter comes before the Court on the motion in limine (Doc. No. 27) by Plaintiff Jennifer Doyle.  For the following reasons, Plaintiff's motion will be denied.

1

## BACKGROUND

This case is an action for personal injuries pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 1, *et seq*; the Federal Safety Appliance Act, 49 U.S.C. § 20301, *et seq.*, and the Federal Locomotive Inspection Act, 49 U.S.C. § 20701, *et seq.* Plaintiff Jennifer Doyle, age 43, has been an employee of Defendant New Jersey Transit Rail Operations, Inc. ("NJ Transit") since 1988. On November 27, 2000, Doyle was working as an assistant conductor for a train headed to New Jersey from New York Penn Station when an incident arose with a disgruntled passenger. Doyle alleges that she was assaulted by the passenger, Cynthia Scott, over a ticket dispute. Medical reports from that day indicate that Doyle suffered from bruises and other visible injuries to her arm. Doyle was placed in a cast for approximately three and a half weeks and subsequently missed eight months of work, returning on July 27, 2001.

On October 25, 2004, Doyle filed a Complaint in this Court[1] alleging that Defendant acted negligently in failing to provide adequate equipment, training, and warning to handle Scott, thus leading to Doyle's injuries. On September 16, 2008, Doyle filed a motion in limine, pursuant to this Court's August 22, 2008 Scheduling Order. Defendant did not file a response.

## ANALYSIS

Doyle moves to restrict various forms of evidence that may be offered by Defendant at trial. As a general matter, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable

---

[1] Doyle initially brought suit in the Court of Common Pleas in Pennsylvania, where she obtained a default judgment. However, the state appellate court reversed the suit and Doyle later brought this federal suit.

than it would be without the evidence." Fed. R. Evid. 401.  Evidence that is not relevant is not admissible.  Fed. R. Evid. 402.  Even relevant evidence may be excluded if it is more prejudicial than probative.  Fed. R. Evid. 403.  Prejudicial means something more than merely harmful; it refers to the negative consequence of unfair prejudice.  *See Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 525 (3d Cir. 2003) ("[T]he . . . prejudice against which the law guards [is] . . . *unfair* prejudice . . . prejudice of the sort which cloud[s] impartial scrutiny and reasoned evaluation of the facts, which inhibit[s] neutral application of principles of law to the facts as found . . . .  [P]rejudice does not simply mean damage to the opponent's cause.  If it did, most relevant evidence would be deemed prejudicial.") (emphasis in original) (internal quotation marks omitted).  Questions of relevancy are committed to the discretion of the trial court. *Pfeiffer v. Marion Ctr. Area Sch. Dist.*, 917 F.2d 779, 781 (3d Cir. 1990); *see also Hurley v. Atl. City Police Dep't*, 174 F.3d 95, 110 (3d Cir. 1999); *United States v. Donley*, 878 F.2d 735, 737 (3d Cir. 1985).

First, Doyle "believes that [Defendant] may attempt to introduce into evidence, or otherwise inform the jury, that Ms. Doyle is or has received benefits from the United States Railroad Retirement Board or some other collateral source."  (Pl.'s Br. at 1.)  The Supreme Court of the United States has long held that evidence of a railroad disability pension is barred from introduction in a FELA suit by the collateral source rule.  *See Eichel v. N.Y. Cent. R.R. Co.*, 375 U.S. 253, 255 (1963) ("[T]he likelihood of misuse by the jury clearly outweighs the value of this evidence . . . [P]etitioner's receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact.").  The Third Circuit has echoed this holding.  *See Reed v. Philadelphia, Bethlehem & N. England R.R. Co.*, 939 F.2d 128, 134 (3d Cir. 1991) (explaining

that the district court "explicitly ruled inadmissible" the introduction of collateral source evidence "at an in limine hearing, a decision in accord with existing law"); *see also Green v. Denver & Rio Grande W. R.R. Co.*, 59 F.3d 1029, 1033 (10th Cir. 1995) ("The major reason for excluding collateral source evidence is the concern that juries will be more likely to find no liability if they know that plaintiff has received some compensation."). Thus, Defendant may not introduce evidence at trial that Doyle received benefits from the Railroad Retirement Board because "the petitioner's receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact." *Eichel*, 375 U.S. at 255.

However, Defendant is not completely bereft of recourse. An exception remains: "[The] testimony of a collateral source may be permitted when offered to directly contradict a statement made by a plaintiff in court." *Coney v. NPR, Inc.*, No. 03-1324, 2006 WL 2583581, at *2 (E.D. Pa. Aug. 31, 2006); *see also Kotler v. Nat'l R.R. Passenger Corp.*, 402 N.J. Super. 372, 379-80 (App. Div. 2008) ("[T]he federal courts have permitted inquiry into collateral source benefits when the plaintiff makes specific reference to collateral source payments on direct examination . . . on matters affecting the credibility of the witness."). For instance, in *Gladden v. P. Henderson & Co.*, the Third Circuit held collateral source benefits evidence admissible to counter the plaintiff's testimony that he was inclined to return to work early owing to his financial difficulties. 385 F.2d 480, 483 (3d Cir. 1967). Our Circuit wrote: "Defendant was not required to leave this testimony unchallenged and had the right to ask plaintiff on cross-examination whether he had received financial assistance, as affecting the credibility of his assertion." *Id.*; *see also Lange v. Mo. Pac. R. Co.*, 703 F.2d 322, 324 (8th Cir. 1983) ("The evidence concerning [plaintiff's] receipt of workmen's compensation benefits was relevant to test the credibility of

4

plaintiff's assertion that he had to return to work immediately after the surgery because he had no disability income."). Here, for example, if Doyle testifies that she returned to work earlier than her injuries permitted her due to financial concerns, Defendant may choose to introduce evidence concerning Doyle's collateral source benefits. Because the admissibility of this evidence depends upon the substance of Doyle's testimony at trial, the Court reserves final decision on this issue until, or should it arise at, trial.

Second, Doyle moves to exclude any potential evidence that Defendant may offer relating to Defendant's purported surveillance of Doyle. Doyle argues that Defendant has "placed Plaintiff under surveillance" but "has not disclosed any surveillance performed, nor . . . provided any reports, videotapes, photographs, etc. relating to the surveillance." (Pl.'s Br. at 2.) Federal Rule of Civil Procedure 26 governs discovery:

> [A] party must, without awaiting a discovery request, provide to the other parties:
> . . .
> (ii)   a copy — or description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and *may use to support its claims or defenses, unless the use would be solely for impeachment*

Fed. R. Civ. P. 26(a)(1)(A) (emphasis added). Without the benefit of briefing from Defendant, the Court is left to grope in the dark as to whether there exists surveillance evidence, whether Defendant intends to introduce such evidence at trial, and whether Defendant intends to offer this evidence for impeachment purposes. Thus, the Court reserves decision on this issue for trial. Should Defendant seek to admit its supposed surveillance evidence for impeachment purposes only, it need not disclose this evidence in advance under the strictures of Rule 26. *See Hayes v.*

*Cha*, 338 F. Supp. 2d 470, 503 (D.N.J. 2004) (Rule 26 "excuses pretrial disclosure of information solely for impeachment").

Relatedly, Doyle also moves to prohibit Defendant from calling witnesses or introducing exhibits not previously disclosed. Rule 26(a)(3) states that "a party must provide to the other parties . . . other than solely for impeachment: (i) the name . . . of each witness — separately identifying those the party expects to present and those it may call if the need arises." Fed. R. Civ. P. 26(a)(3). Rule 37 imposes penalties on parties who fail to comply with these mandatory disclosure requirements: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Sweeten v. Middle Twp.*, No. 04-3512 , 2007 WL 4440938, at *2 (D.N.J. Dec. 14, 2007). The Court reminds Defendant of its disclosure obligations, and will withhold a ruling as to any specific evidence until trial.

Third, Doyle moves to prohibit various potential witnesses for Defendant from offering expert testimony. These witnesses include New Jersey Transit Police Captain Nicholas Lucarelli, New Jersey Transit employee Steven Price, and New Jersey Transit Police Officer Paul Marshall. Doyle asserts that Defendant intends to offer these witnesses as experts, but has not complied with the proper disclosure requirements for expert testimony. Federal Rule 26(a)(2) requires that a party disclose the identity of an expert witness, along with a detailed written report summarizing the proffered testimony and qualifications of the witness. *See* Fed. R. Civ. P. 26(a)(2). Here, the Final Pretrial Order describes Lucarelli as a witness who "will testify as to railroad police practices and standards." (Final Pretrial Order at 18.) Defendant does not list

6

Lucarelli as an expert witness, nor has Defendant offered a report summarizing Lucarelli's qualifications and testimony.  Similarly, Defendant has not identified Price and Marshall as experts; nor is it apparent that these witnesses would testify as experts.  For example, in the Final Pretrial Order, Marshall is described as having firsthand interaction with Doyle on the day of the incident.  Thus, it is hardly clear at this time that Defendant will offer these witnesses as experts, as Doyle surmises, rather than as lay witnesses.  Further, absent briefing by Defendant, the Court will not venture to guess Defendant's plans regarding these witnesses' testimony.  Should Defendant intend to offer any of these witnesses as experts, the Court cautions Defendant to comply with the Federal Rules pertaining to expert witness testimony ahead of trial.  Failure to do so may result in the exclusion of these witnesses from offering expert testimony at trial.

## CONCLUSION & ORDER

For the foregoing reasons, Doyle's motion in limine is DENIED WITHOUT PREJUDICE.  Should the evidentiary issues cited by Doyle again arise at trial, the Court will address them at that time.  Specifically,

1. Defendant may offer evidence concerning Doyle's receipt of collateral source benefits for impeachment purposes.

2. Defendant may offer evidence relating to its ostensive surveillance of Doyle for impeachment purposes without pretrial notice.  Relatedly, Defendant must disclose all intended witnesses and evidence before trial unless introduced for impeachment purposes.

3. Should Defendant seek to offer expert testimony, it must comply with the Federal

Rules of Civil Procedure concerning pretrial disclosure and preparation.

Newark, New Jersey
Date: October 29, 2008

/s/ Harold A. Ackerman,<br>U.S.D.J.